# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

In re:

xxxxxxxxx[1],                                       **Case No. 17-xxxxx-FJS**
                                                    **(EXPUNGED)**
                                                    **Chapter 7**

     Debtor.
_____

**Judy A. Robbins,**
**United States Trustee**
**for Region Four,**

     **Plaintiff,**

v.                                                  **APN: 17-07021-FJS**

**Shaquita Monique Tutt,**

     **Defendant.**

## NOTICE OF MOTION TO INTERVENE IN
## ADVERSARY PROCEEDING AND MEMORANDUM IN SUPPORT

DH, by counsel, filed a Motion to Intervene in Contested Matter and Memorandum in Support (the "**Motion**"), seeking permission to intervene in the above-referenced adversary proceeding.

A copy of the Motion, with a proposed order, is attached to this Notice.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the Motion, or if you want the Court to consider your view on the Motion, then a response to the Motion must be filed with <u>and received by</u> the Clerk of the Bankruptcy Court, U.S. Bankruptcy Court, 600 Granby Street, 4th Floor, Norfolk, Virginia 23510 **within fourteen (14) days after service of this Notice**, with a copy to counsel for the Debtor at the address set

---

[1] The notice and motion refer to an individual, identified only has DH, because the record of the main bankruptcy case was expunged on June 1, 2017.

Kelly M. Barnhart, VSB No. 65246
Roussos, Glanzer & Barnhart, PLC
580 E. Main St., Ste. 300
Norfolk, VA 23510
Telephone:  (757) 622-9005
Facsimile; (757) 624-9257
barnhart@rgblawfirm.com
Counsel for DH

forth below and those parties listed on the attached Service List.

      **If no objection is timely filed, the Court may deem any opposition waived and enter an order without further notice or hearing and counsel for DH may submit a proposed order, substantially in the form attached to the Motion, to the Court for consideration of entry.**

Respectfully submitted,

By: _/s/ Kelly M. Barnhart_

## PROOF OF SERVICE

      I certify that on July 18, 2017, I will cause the foregoing pleading to be filed with the Court via its CM/ECF system, which will thereupon send notice of electronic filing thereof to all registered participants associated with the case, thereby completing service upon them, and that, on the same date, I will serve the additional parties whose names and addresses appear below by first-class mail, postage prepaid.

Cecelia A. Weschler, Esq.
Office of the United States Trustee
200 Granby St., Room 625
Norfolk, VA 23510

Shaquita Monique Tutt
6000 Lockamy Lane
Norfolk, VA 23502

Shaquita Monique Tutt
5352 Commons Court
Virginia Beach, VA 23462

Shaquita Tutt
812 Crossing Court, Apt. 304
Virginia Beach, VA 23455

_/s/Kelly M. Barnhart_

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

In re:

| | |
|---|---|
| xxxxxxxxx[1], | Case No. 17-xxxxx-FJS |
| | **(EXPUNGED)** |
| | Chapter 7 |
|     Debtor. | |

---

**Judy A. Robbins,**
**United States Trustee**
**for Region Four,**

    **Plaintiff,**

v.                                                                    **APN: 17-07021-FJS**

**Shaquita Monique Tutt,**

    **Defendant.**

### MOTION TO INTERVENE IN
### ADVERSARY PROCEEDING AND MEMORANDUM IN SUPPORT

DH, by counsel, hereby moves (the "**Motion**") the Court for entry of an order in substantially the form attached hereto as **Exhibit A**, to which the plaintiff in this adversary proceeding, Judy A. Robbins, United States Trustee for Region Four (the "**US**T"), has consented to the relief requested herein, authorizing DH to intervene in this adversary proceeding, and in support of the Motion, states as follows:

1.      Shaquita Monique Tutt ("**Ms. Tutt**"), upon information and belief, is a Virginia resident and has lived in Virginia during all relevant times discussed herein,

---

[1] The notice and motion refer to an individual, identified only has DH, because the record of the main bankruptcy case was expunged on June 1, 2017.

Kelly M. Barnhart, VSB No. 65246
Roussos, Glanzer & Barnhart, PLC
580 E. Main Street, Suite 300
Norfolk, VA 23510
757-622-9005 (voice); 757-624-9257 (fax)
Email: barnhart@rgblawfirm.com
Counsel for DH

and upon information and belief, conducts business within the Eastern District of

Virginia, Norfolk Division.

2.        This Court has This Court has jurisdiction to consider this Motion under

28 U.S.C. §§ 157 and 1334.

3.        This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and

this  Motion is proper under 28 U.S.C. §§ 1408 and 1409.

## Factual Allegations

4.        After experiencing financial upheaval, DH discussed with an individual,

who referred him to Ms. Tutt.

5.        DH met with Ms. Tutt, who quoted him a price of $150.00 for preparing

his bankruptcy documents and explained to him that the remainder of the fee owed to

her, for her assisting him through the bankruptcy, would be $300.00.  He agreed and

paid her $450.00, plus $335.00 for the fees charged by the Court for the filing of a

chapter case.

6.        On or about August 30, 2016, DH sought bankruptcy relief under chapter

7 of title 11 of the United States Code (the "**Bankruptcy Code**"), with the assistance of

Ms. Tutt.  This case was filed with the United States Bankruptcy Court for the Eastern

District of Virginia, Norfolk Division and was identified as Case No. 16-73020-FJS (the

"**First Case**").

7.        Ms. Tutt filed DH's paperwork with the Clerk's Office and submitted, a

request for the Court costs to be waived.

8.        Ms. Tutt did not include with the filing a certificate of completion of the

credit counseling course (the "**Credit Counseling Certificate**") required to be

submitted with DH's voluntary petition and other bankruptcy documents.

9.    On September 7, 2016, the Court denied the fee waiver request and on September 19, 2016, the Court dismissed the First Case because of the failure to submit to the Court the Credit Counseling Certificate.

10.    DH filed the First Case to stop a garnishment issued against him by one of his unsecured creditors, Nicholas Financial, Inc. (the "**Garnishing Creditor**"), which garnishment matter was pending before the Portsmouth General District Court and identified as Case No. 15-003598-02 (the "**Garnishment Suit**").

11.    In compliance with the garnishment summons received by DH's employer, Purdue (the "**Employer**"), the Employer remitted to Portsmouth General District Court $4,800.18 (the "**Garnished Funds**").

12.    DH filed the First Case prior to the return date set for the Garnishment Suit, which was September 15, 2016 (the "**Return Date**").

13.    The Garnishing Creditor received the funds on the Return Date, despite the pendency of the First Case.

14.    On or about September 19, 2016, the above-referenced case was dismissed based upon a failure to file a certificate evidencing that DH had completed the required credit counseling course as required by 11 U.S.C. § 109(h).

15.    DH did not realize his First Case was dismissed and was assured by Ms. Tutt that the First Case was open.

16.    Upon information and belief, and unbeknownst to DH, on September 20, 2016, Ms. Tutt, or someone on her behalf, filed a second bankruptcy case under his name, which case was also filed with the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division, which case was identified as Case No. 16-73264-SCS (the "**Second Case**").

17.     DH did not sign the voluntary petition or any of the other bankruptcy documents filed in the Second Case.

18.     The Second Case was dismissed based upon a failure to file the certificate of credit counseling, as required by § 109(h).

19.     Upon information and belief, and unbeknownst to DH, on December 22, 2016, Ms. Tutt or someone for her, filed a third bankruptcy case under his name, which case was also filed with the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division, which case was identified as Case No. 16-74360-FJS (the "**Third Case**").

20.     DH did not sign the voluntary petition or any of the other bankruptcy documents filed in the Second Case.

21.     The Third Case was dismissed based upon a failure to file the certificate of credit counseling, as required by § 109(h).

22.     Finally, on February 28, 2017, a fourth case was filed under DH's name, again, without his authorization. This case was filed with the United States Bankruptcy Court for the Eastern District of Virginia, Norfolk Division and was identified as Case No. 17-70648-FJS (the "**Fourth Case**").

23.     DH did not file the Fourth Case and it was filed without his authorization.

24.     DH did not sign the voluntary petition or any of the other bankruptcy documents filed in the Fourth Case.

25.     In the Fourth Case, a credit counseling certificate was filed, but DH did not take any credit counseling course and the account from which the funds were drawn to pay for such course was not an account belonging to him and the email address used by the person taking the course is not an email address used by DH.

26.     In the Fourth Case, the United States Trustee ("**UST**") filed a motion seeking entry of an order dismissing the case and enjoining DH from filing for bankruptcy relief under any chapter under the Bankruptcy Code for a period of one year (the "**Motion to Dismiss**").

27.     At the hearing on the Motion to Dismiss, held on April 11, 2017 at 10:00 a.m., this Honorable Court held that the Fourth Case would be dismissed, but without prejudice, and further held that if DH were to file a motion to expunge Second – Fourth Cases, DH may be excused from the hearing on such motion, with the consent of the UST.

28.     DH did not know about the Second – Fourth Cases until he was contacted by the UST.

29.     During the pendency of the various cases identified above, Ms. Tutt sent correspondence to DH leading him to believe that the First Case remained open, Ms. Camardo was the chapter 7 trustee assigned to his case and that Ms. Tutt has been in communications with Ms. Camardo as to the status of the First Case.

30.     Upon information and belief, Ms. Tutt may have fabricated the information regarding Ms. Camardo.

31.     Under the circumstances, DH asked that the Second, Third and Fourth Cases be expunged, since he did not authorize the filings and he did not sign any of the documents filed in those cases, and such relief was granted by this Court.

32.     Ms. Tutt never disclosed her assistance in any of the cases and did not disclose that she prepared the bankruptcy documents submitted on behalf of DH.

33.     Ms. Tutt did not provide DH with the written notice required by 11 U.S.C. § 110(b)(2)(A).

34.    Ms. Tutt did not disclose the fees she obtained from DH in assisting him with the First Case.

35.    Ms. Tutt provided DH with legal advice, although not an attorney.

36.    Ms. Tutt engaged in the unauthorized practice of law and her actions resulted in DH's losing the Garnished Funds, among other things.

37.    Ms. Tutt executed documents submitted with this Court in the Second Case, Third Case and Fourth Case, bearing DH's signature, although he did not sign such documents.

38.    Ms. Tutt's actions resulted in DH losing the Garnished Funds.

39.    On June 21, 2017, the UST initiated this adversary proceeding by the filing of a complaint against Ms. Tutt (the "**Complain**t").

40.    DH seeks entry of an order, pursuant to Federal Rule of Civil Procedure 24, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7024, authorizing him to intervene in an adversary proceeding as an interested party.

41.    Pursuant to Fed. R. Bankr. P. 7024:

A person may seek to intervene in the case under the Code or in an adversary proceeding relating to the case under the Code. Intervention in a case under the Code is governed by Rule 2018 and intervention in an adversary proceeding is governed by this rule. Intervention in a case and intervention in an adversary proceeding must be sought separately.

42.    Federal Rule of Bankruptcy Procedure 2018(a), in relevant part, provides that "in a case under the Code ... the court may permit any interested entity to intervene generally or with respect to any specified matter."

43.    A proposed intervenor has a "minimal burden of showing that the existing parties cannot adequately represent its interest." *Georgia v. U.S. Army Corps of Engineers, et al.*, 302 F.2d 1242, 1259 (11th Cir. 2002).  Here, DH has an interest

relating to the transactions that are the subject of the action, and is so situated that disposing of the matter may impair or impede his ability to protect his interest, and his interest is somewhat different than the other parties involved in this matter.  Fed. R. Civ. P. 24(a)(2).

44.     Here, not only does DH have an interest in this matter, but he has an interest in the outcome of the proceeding as it may have a significant impact his interests and his pursuit of recovery of the Garnished Funds.

45.     To the extent that there is a determination as to the actions taken by Ms. Tutt as it relates to DH and the actions she purported to take on his behalf, as well as her handling of the First through Fourth Cases, will have an impact on DH and therefore his intervention in this matter is appropriate.

46.     To the extent that this request falls under permissive intervention, the Court has the discretion to allow such request and may allow the intervention upon timely application.  *See, e.g., In re Foos*, 183 B.R. 149 (Bankr. N.D. Ill. 1995).

47.     To the extent required by Fed. R. Civ. P. 24(c), the allegations contained herein set forth DH's claims associated with the matters before this Court as set forth in the Complaint.

WHEREFORE, DH seeks entry of an order approving the relief sought in this Motion and for such other and further relief as this Court deems just and proper.

DH

*/s/Kelly M. Barnhart*

Kelly M. Barnhart, VSB No. 65246
Roussos, Glanzer & Barnhart, PLC
580 E. Main Street, Suite 300
Norfolk, VA 23510
757-622-9005 (voice); 757-624-9257 (fax)
Email:  barnhart@rgblawfirm.com

## <u>PROOF OF SERVICE</u>

      I certify that on July 18, 2017, I will cause the foregoing pleading to be filed with the Court via its CM/ECF system, which will thereupon send notice of electronic filing thereof to all registered participants associated with the case, thereby completing service upon them, and that, on the same date, I will serve the additional parties whose names and addresses appear below by first-class mail, postage prepaid.

Cecelia A. Weschler, Esq.
Office of the United States Trustee
200 Granby St., Room 625
Norfolk, VA 23510

Shaquita Monique Tutt
6000 Lockamy Lane
Norfolk, VA 23502

Shaquita Monique Tutt
5352 Commons Court
Virginia Beach, VA 23462

Shaquita Tutt
812 Crossing Court, Apt. 304
Virginia Beach, VA 23455

*/s/Kelly M. Barnhart*